UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW IZEH,<br><br>                              Plaintiff,<br><br>              -against-<br><br>JUDGE NEIL ROSE; CHRISTOPHER DEY;<br>DEFENDANT ATTORNEY MICHAEL;<br>ARREST OFFICER; CHIEF OF POLICE,<br><br>                              Defendants. | 22-CV-9828 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Vernon C. Bain Center, brings this *pro se*

action invoking 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By

order dated December 7, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*

(IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, and are taken as true at this pleading stage. On March 31, 2019, near the corner of West 34th Street and 7th Avenue, a Metropolitan Transportation Agency police officer falsely accused Plaintiff of sexually assaulting a woman in the subway. As a result of this accusation, Plaintiff has been "locked up" for two years. (ECF 2 ¶ V.) Although there was a camera in the area, Plaintiff's defense counsel said there was "nothing in the camera." (*Id.*) Plaintiff's criminal trial began on September 22, 2022, but the "complaining

witness" was not available to testify. (*Id.*) It is not clear whether Plaintiff was convicted or if his criminal proceedings are ongoing. Plaintiff alleges that he was falsely arrested and "kidnaped," and was the victim of racial discrimination. (*Id.*) Plaintiff seeks dismissal of the criminal charges, release from custody, and money damages.

## DISCUSSION

**A.     Claim for damages**

To state a claim for money damages under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.      Timeliness of claim

The Court construes the complaint as asserting a false arrest claim.[2] The statute of limitations for claims brought under Section 1983 is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under Section 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). A false arrest claim under Section 1983 accrues when the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate

---

[2] A claim for false arrest under Section 1983 incorporates the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted). It is not clear from the facts alleged that Plaintiff can state a false arrest claim.

or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention.").

Here, Plaintiff alleges that he was arrested on March 31, 2019. He therefore had three years from the date he was "held pursuant to legal process," *Wallace*, 549 U.S. at 389, to file this action. Based on Plaintiff's arrest date, the time to file this complaint expired on or about March 31, 2022. Plaintiff did not file his complaint, however, until October 8, 2022, more than six months after the limitations period expired.[3] His false arrest claim is apparently therefore time-barred.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the

---

[3] Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Where such a litigant does not include the date he delivered his documents to prison authorities, courts generally rely on the signature date as the date the documents were delivered. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing.").

time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210

(death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting a basis for equitable tolling of the statute

of limitations in this case. Because the failure to file an action within the limitations period is an

affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See*

*Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the

existence of an affirmative defense, such as the statute of limitations, is plain from the face of the

pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir.

2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v.*

*Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on

statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court

should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on

statute of limitations grounds).

The Court grants Plaintiff leave to amend his complaint to allege any facts suggesting

that the limitations period should be tolled.

**B.      The named defendants**

1.      Judge Rose

Judges are absolutely immune from suit for damages for any actions taken within the

scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts

arising out of, or related to, individual cases before the judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot

overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from

5

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles,* 502 U.S. at 12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Rose acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because Plaintiff sues Judge Rose for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Rose because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

2.    Assistant District Attorney (ADA) Dey

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see*

*also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against ADA Dey are based on actions within the scope of his official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

3.      Defense counsel Michael

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Plaintiff's defense counsel is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983.

## C.   Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Because it is not clear whether Plaintiff can state a federal claim, the Court will determine at a later stage whether to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeon*s, 522 U.S. 156, 173 (1997)).

### D.      Claim for release

Plaintiff seeks to be released from custody. Plaintiff may not obtain release from custody,

however, in a Section 1983 action; instead, he can only obtain such relief by bringing a petition

for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v.*

*Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner

seeking to challenge the fact or duration of his confinement).

Under federal law, an individual who seeks release from custody may do so by filing a

petition under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Section 2254 is the proper vehicle to

use in challenging the constitutionality of an individual's custody, after an individual has been

convicted in a state court and sentenced to serve a term of imprisonment pursuant to a judgment

of conviction. *See Cook v. New York State Division of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).

For those individuals who have yet to be sentenced, a petition brought under 28 U.S.C. § 2241 is

the proper vehicle for challenging the constitutionality of pretrial detention. *See Hoffler v. Bezio*,

726 F.3d 144, 153 n.8 (2d Cir. 2013) ("Respondents to do not dispute that Hoffler is in 'custody'

for purposes of § 2241, and Hoffler does not contend that his § 2241 claim is anything but a

challenge to 'detention' for purposes of § 2253(c)(1)(A)."); *see, e.g.*, *Taylor v. New York City*,

No. 20-CV-5036, 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial

detainee seeking release due to COVID-19 exposure as arising under Section 2241) (citing

*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973)).

The Court declines to recharacterize Plaintiff's allegations seeking release as a petition

brought under either Section 2241 or Section 2254 because Plaintiff does not allege any facts

suggesting that he has exhausted his state court remedies. Exhaustion of state court remedies is

required under both federal *habeas corpus* statutes. *See* 28 U.S.C. § 2254(b) and (c); [4] *see*

*Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition

should be dismissed if the prisoner has not exhausted available state remedies as to any of his

federal claims."); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)

("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a

prerequisite to the grant of federal habeas relief, decisional law has superimposed such a

requirement in order to accommodate principles of federalism.").

To the extent Plaintiff seeks release from his current custody, he must first exhaust his

state court remedies, and if he is unsuccessful in the state courts, he may return to federal court

where he may file a petition for a writ of *habeas corpus*.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

---

[4] Plaintiff should note that, under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims, specifically those suggesting that the statute of limitations on his false arrest claim should be tolled and, if he wishes to pursue habeas corpus relief at this time, that he has exhausted state court *habeas corpus* remedies]. In the "Statement of Claim" Section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff's claims against Judge Rose and ADA Christopher Day are dismissed as frivolous, 28 U.S.C. § 1915(e) (2)(B)(ii), (iii), and his claims against defense counsel Michael are dismissed for failure to state a claim upon which relief can be granted.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-9828 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline, under 28 U.S.C. § 1367 (c)(3), to exercise supplemental jurisdiction of his state law claims. To file a *habeas corpus* petition, Plaintiff must first exhaust his state court remedies.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 3, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                    -against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)


**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                      Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                            State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing:  _____